We'll take our final case of the morning. 23-8072, Smith v. Albany County School District. Thank you, Mr. Corporan. And thank you, Your Honors, good afternoon. May it please the Court, my name is Randy Corporan. I'm here with the Smith family, who is sitting back here. The person who was most damaged by the actions of the school board is G.S., but she's an adult now, so we refer to her as Grace. She's here with one of her brothers, Jonah, her mother, Aaron, and her father, Andy. And we're all very grateful for the time to appear in front of you today. I actually argued in front of Byron White 26 years ago in law school, so being in this courtroom for the first time is a bit exciting. As you know from the complaint, Grace was the star of her school, a straight-A student, a star in the play, on the dance team, and a very active, very smart, very bright, very engaged young lady. And the actions of the school board, which, as you know, were at the 12B stage at this case, the allegations of our complaint must be taken as true and construed in the light most favorable to Grace and her family. And the actions of the school board were absolutely unbelievable. They knowingly exceeded their authority. They talked about it. They said that they did so because the actual health officials... Are we here on the merits or just standing? Well, it depends, because there's a couple of... I'm not sure it's nice to hear these things, but I wasn't sure how they related to what we have to decide here. Well, because of some of the comments of the trial judge, I thought it was wise to sort of reiterate just how egregious the conduct of the school board was. There's actually three issues that are before the court. One is the trial court's failure to allow us to submit a late response to the school board's motion to dismiss. The second is the fact that in that order, denying our request for an enlargement of time, the trial court went on to make more findings about why this case should not proceed. As I understand that position, they're not relying on that. If we decide that there was jurisdiction, we've got to remand. I'll ask him about that later, but I'm pretty sure that's what his brief said. If I'm wrong, you'll have a chance to address it. Well, certainly we feel like standing is our strongest position as well. I think it's the only thing before us. Very good. Thank you, Your Honor. And you're right. The actual order of dismissal is absolutely limited to the issue of standing. And for standing, of course, this court has used the three prong test for a long time. Injury in fact, Grace and her family had to allege an injury in fact. They had to address causation by the defendants, and then they had to establish that there was regressibility by the court. The trial judge just absolutely minimized the actual injury in fact to Grace. The court, in some of her comments before making her ruling, was talking about a prior case that was filed that I don't know anything about. She was talking about the fact that Grace had brought the injuries that she suffered on herself and seemed to ignore the actions of the school board that caused her to stand up and exercise her First Amendment rights, her rights as a citizen of this country. The district court seemed focused to me on the idea that plaintiffs seeking prospective relief. And it might be sustainable on standing for prospective, but the complaint talks about retroactive relief is my understanding. Is that correct? Yes, sir. Then why isn't that the whole argument and we're finished today? Well, I... With a remand. Pardon me, sir? With a remand to the court to go through all the standing factors, but not address merits or anything else. Just say there was a mistake made, you thought it was prospective. In fact, when we look at the complaint, we see it's retroactive. And accordingly, take another look. We made some argument in our brief about prospective relief, that as the COVID nightmare was unfolding, there was no telling what another school might do, or she returned to finish school there, what might happen to her. But it was a small part of our argument. We argued, I thought effectively, that by being suspended, by being humiliated, by being arrested and handcuffed and taken to jail, that she sustained an injury, in fact. And you're seeking damages for that. We are. I'm kind of where Judge Phillips is. I was a little slow at getting there. If you want to say anything more, go ahead. Well... I have a question. Yes. Thank the Lord. No, maybe I can just get you to confirm. Your complaint seeks compensatory or retroactive looking damages, in addition to prospective relief. Correct? That's the way I read it as well. And that was our intention when we drafted it. Okay. So, are you... You're putting your eggs in the compensatory basket and saying, we have this retrospective relief, therefore we have standing. Is that correct? I believe that's a great summation of our strongest position, which I plan to say to last, but we're already here. Okay. So, if we do that... I'm sorry, I'm just repeating what has already been asked. But if we do that, then should we stop there and say, oh, yes, you have standing, this is in your view, and then move on to the merits, or should we just remand for the district court to do? Obviously, in the perfect world, the opinion that I would like to see is a remand with some instructions. Okay. But certainly, our biggest complaint in standing before you today is that we never got the opportunity to respond to their motion to dismiss and make any of those arguments ourselves. But that's abuse of discretion, right? You're late. And the court was very prompt issuing a decision before your motion even. It was. And abuse of discretion is a very difficult standard for you. But again, I'm not really sure why we're even talking about that. If there was a mistake made as far as not saying that retroactive relief was sought, and that's the only basis, injury of fact, that the court ruled on, so we probably wouldn't hear in the first instance traceability, regressibility. Just send it back and start over, and you'd probably have an opportunity. And you're lucky that it's a jurisdictional issue or we might not address it. Very well understood, Your Honors. And I think based on the court's questions, that I'll submit our arguments on the statements that I've made, reserve my remaining time if I need approval. Thank you. Counsel, I think you know what you're up against. Wow. I think a sand fell out of my file, and that's nice. Thank you. May it please the court, I'm Eric Helemore on behalf of the appellees in this matter. And as the court's making clear, the district court dismissed this case for lack of standing because there's no injury of fact. Nothing in the briefing and nothing that's been said here today changes that fact. Come on. He was kicked out of school. He was arrested. That's not an injury. No, he was kicked out of school. This student was not allowed here from school. No, he was not allowed to attend classes without wearing a mask. Your point was that he could attend remotely. That's different. That's an injury. How is that an injury? Oh, really? You don't think it's an injury to someone not be able to go to class and have to attend remotely? I thought that was one of the most. Where battle went along, Seattle, Wyoming finds that virtual school is equivalent to being in person. Well, you can believe that. But I think that's an injury.  And I don't need to. You know, he just has to allege it's an injury. And it's on his face. Not being able to. What if there weren't COVID? You could just kick people out. If they violate a rule, absolutely. You can suspend them. There's express statutory authority granting the school board the authority to suspend a student for any conduct. And if all the suspension does is say you can attend but you have to do it remotely, you're saying the student cannot go into court to challenge the suspension because they have no standing? That's what you're saying. I mean, it's a completely legitimate suspension based on the fact that there's a rule and they chose to violate it. That is their choice. It might be a legitimate rule, but that's for the merits. Aren't you mixing merits with standing is the question, which is to say whether or not it's an injury or not. It's been alleged and there's enough there that we have standing. In other words, just because a plaintiff loses on the merits at some point doesn't mean that plaintiff didn't have standing. And so the argument about whether this is a First Amendment violation or not, that's for another day, isn't it? There's been enough alleged here about a First Amendment violation that for purposes of standing and not the merits, you can go forth. And what First Amendment violation would that be? The student, in their own complaint, they say the student was able to lead protests outside of the school. The student was always able to speak. There had been no restriction on the student's ability to speak. So I can't begin to imagine what a First Amendment issue would exist here. That might be a great argument for merits, but I don't know that we evaluate standing by doing that. Well, there has to be an actual injury in fact, and there isn't one. It never happened. Her speech was never restricted. So where's the injury? I mean, who caused that injury? Certainly not the school board. And is it redressable? I don't know. The student, as we've mentioned, is well past graduated age, isn't going back to school. There's no... But now you're talking perspective relief again. But the complaint, as I read it, asserts a claim for retroactive. This happened to me and I want money. All right. I mean, again, what do they want money for? Where's the monetary loss? Well, I guess it comes down to whether you can bleed the merits into standing or not. And you're saying we can, and so we'll look at that. I guess so. I mean, again, school is always available to the student. They were never kicked out of school by anybody. They could have gone to school. And the virtual school, whether you like it or not, that's an opinion. But the opinion doesn't create standing. What creates standing is the actual injury. And that would be being denied the right and access to school, which the student was never denied. It didn't happen. Period. Let me pursue something we were talking about a little earlier, because this I find remarkable. A student is accused of misbehaving at school and is suspended, cannot attend classes anymore, except remotely, but is allowed to attend remotely. And the student says, I did not get a fair hearing. I didn't do anything wrong. I shouldn't have been kicked out. Would you say that that student has no standing to raise that argument because attending remotely is equivalent under state law? I would say that the standing issue, then, there is, again, one of the three problems is causation. Well, who caused that? And that would be the student. They personally chose to go and violate a rule and get kicked out. So the student would have no standing, and there'd be no relief if, in fact, the student was improperly dismissed. I know you're saying that the student can't sue for damages if, even if, for whatever reason, the student is told, you cannot attend classes, I'm disciplining you, you know, I just don't like the way, what if a student is suspended because of his religious beliefs? And the teacher says, I don't want any Muslims in my class. You can attend remotely, but you can't attend in person. And then the student sues, saying my right to freedom of religion has been violated. Are you saying that the student cannot sue because the student has no standing because under state law, attending remotely is adequate? Are you saying that? I understand it's a different issue, for sure. On the merits, it might be, in terms of your constitutional argument regarding standing, it seems like it's identical. No, because the student who's Muslim is now not being allowed to exercise their religion. There is no restraint on a student who decides they don't want to follow the dress code. Well, no, it's just, it has nothing to do with dress code. The student, I just don't like Muslims. So, you're going to, I don't want a Muslim in my classroom. Go home and watch, watch remotely on the internet. And you're saying that that student could not sue, would not have standing, because under state law, the student is attending school, just doing it remotely. So there's no injury in fact. Isn't the injury in fact identical to the injury in fact alleged here? And if so, shouldn't they both be treated the same with respect to standing? It's different because in the first situation, the students provided options. What were the options for the plaintiff? The options were, show up and follow the rules and wear a mask, or if you don't want to wear a mask, you can stay home. There is then, that's entirely different from saying, you can't come here if you're a Muslim, period. No, well, you can come here if you change your religion. There's an option. No one's asking anybody to change anything. They were just supposed to follow the dress code. That's it. You're consistent to some extent. Do you have anything else to say? I don't. I think we're good. Thank you. Thank you. You have more time for rebuttal if you want it. Thank you. Case is submitted. Counselor excused.